IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANNIE MAE (Federal National Mortgage Association),<br><br>        Plaintiff,<br><br>vs.<br><br>ROSEMARIE ABBOTT,<br><br>        Defendant.<br>_____ / | Case No. 2:12-cv-1594 JAM DAD PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

       By Notice of Removal filed June 14, 2012, this unlawful detainer action was removed from the Sacramento County Superior Court by defendant Rosemarie Abbott who paid the required filling fee and who is proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

       It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d

564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendant alleges in a conclusory fashion that "the complaint presents federal questions" due to plaintiff's failure to comply with 12 U.S.C. § 5220. (Notice of Removal (Doc. No. 1) at 2.) Defendant also appears to argue that the Sacramento County Superior Court did not sustain defendant's demurrer in the state court action initiated by plaintiff, in violation of 12 U.S.C. § 5220. (Id.)

It is evident, however, from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and that it is based wholly on California law. As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court. See 28 U.S.C. § 1441(b). Moreover, it is evident from defendant's argument that any federal claims in this action arise solely from defendant's own affirmative defenses and not from the plaintiff's unlawful detainer complaint. Thus, defendant has failed to meet her burden of establishing a basis for federal jurisdiction over this action.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Sacramento County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: June 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\fanniemae-abbott1594.ud.f&rs